# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SADE O. STEWART, | : | |
| Petitioner, | : | |
| v. | : | No. 4:15-CV-2431 |
| NANCY GIROUX, | : | (Judge Brann) |
| Respondent. | : | |

## MEMORANDUM OPINION

### MAY 11, 2018

**I.    BACKGROUND**

Sade O. Stewart, an inmate presently confined at the State Correctional Institution, Muncy, Pennsylvania, (SCI-Muncy), filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. Named as Respondent is Superintendent Nancy Giroux of SCI-Muncy. Service of the Petition was previously ordered.

On October 28, 2010, Petitioner was convicted of attempted homicide, aggravated assault (2 counts), simple assault, and possession of a firearm by a prohibited person following a jury trial in the Court of Common Pleas of Dauphin County, Pennsylvania. Stewart was sentenced on December 15, 2010 to an aggregate ten (10) to twenty (20) year term of imprisonment.

Following a direct appeal, Stewart's conviction and sentence were affirmed by a September 20, 2011 decision of the Superior Court of Pennsylvania. *See Commonwealth v. Stewart*, 34 A.3d 232 (Pa. Super 2011)(Table). A petition for allowance of appeal was denied on March 23, 2012 by the Supreme Court of Pennsylvania. *See Commonwealth v. Stewart*, 40 A.3d 1236 (Pa. 2012)(Table). Stewart did not seek further review from the Supreme Court of the United States.

On October 24, 2012, Stewart filed a timely *pro se* petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA). *See* 42 Pa. Cons. Stat. Ann. § 9541 *et seq*. The PCRA "permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." *Hankins v. Fulcomer*, 941 F.2d 246, 251 (3d Cir. 1991).

Stewart's PCRA petition alleged that her trial counsel provided ineffective assistance for neglecting to call certain individuals as witnesses. Following appointment of counsel, submission of an amended petition, and an evidentiary hearing, the state trial court issued an Order denying PCRA relief on December 4, 2013. The Superior Court affirmed the PCRA denial on August 6, 2014. *See Commonwealth v. Stewart*, 106 A. 3d 153 (Pa. Super. 2014)(Table). A petition for allowance of appeal was then denied by the Pennsylvania Supreme Court on

February 3, 2015. *See Commonwealth v. Stewart,* 108 A.3d 35 (Pa. 2015)(Table). This federal habeas corpus petition followed.

Petitioner claims entitlement to federal habeas corpus relief on the grounds that her trial counsel's performance was deficient for neglecting to call witnesses on her behalf, as noted above. With respect to the issue of timeliness, a supporting memorandum accompanying the petition contends that the one year limitations period began to run on June 21, 2012. *See* Doc. 2, p. 3. After passage of one hundred and twenty-six (126) days, Stewart states that she filed her PCRA action which tolled the limitations period until February 3, 2015 when she was denied leave to appeal by the Pennsylvania Supreme Court. Since the limitations period did not expire until December 27, 2015 Petitioner argues that her action is timely. *See id.*

## II.  DISCUSSION

Respondent has filed a partial answer which seeks dismissal of the petition on the grounds that it is untimely filed. Petitioner has not filed a reply.

Section 2244(d) of Title 28 of the United States Code provides, in relevant part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*See generally, Jones v. Morton*, 195 F.3d. 153, 157 (3d Cir. 1999).

The running of limitations period is suspended for the period when properly-filed state post-conviction proceedings are pending in any state court. However, the period during which a § 2254 applicant could have filed a petition for writ of certiorari with the United States Supreme Court from denial of an application for state post conviction or other collateral relief does not defer the commencement of the limitations period. *See Lawrence v. Florida*, 549 U.S. 327, 333-36 (2007). Furthermore, the "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." *Jones*, 195 F.3d. at 159, *citing Miller v. New Jersey State Department of Corrections*, 145 F.3d 616 (3d Cir. 1998).

Stewart's pending § 2254 petition is dated December 15, 2015, and will be deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988)(a prisoner's action is deemed filed at the time it is given to prison officials for

mailing to the Court.

Petitioner's sentence was imposed on December 15, 2010. Stewart thereafter initiated a direct appeal which concluded when the Pennsylvania Supreme Court denied relief on March 23, 2012. The period for seeking review by the United States Supreme Court expired on June 21, 2012.

Stewart's pending arguments are not based a newly recognized constitutional right which the United States Supreme Court has made retroactively applicable. *See* § 2244(d)(1)(C). Moreover, the factual predicate of Stewart's pending claims was discoverable at the time her sentence was imposed. *See id.* at (D). There is also no indication that any state action impeded Petitioner's ability to seek federal habeas corpus relief. Based upon the above undisputed factors, Petitioner's conviction became final for purposes of § 2244(d), and the one (1) year limitations period began to run, on June 21, 2012.

It is undisputed that Petitioner timely sought PCRA relief. Thus, the limitations period was tolled during the pendency of Stewart's PCRA action, specifically from October 24, 2012 until February 3, 2015. However, the one hundred and twenty-five (125) day period between June 21, 2016 to October 24, 2012 is properly applied against the one (1) year limitations period.

As noted earlier, under *Lawrence v. Florida*, the period during which a Section 2254 applicant could have filed a petition for writ of certiorari with the

-5-

United States Supreme Court from denial of an application for state post conviction or other collateral relief such as a PCRA action does not defer the commencement of the limitations period.

After the statutory tolling period here ended on February 3, 2015, the clock restarted with respect to the 240 days remaining on the one year limitations period. There is no basis for any additional statutory tolling. This remaining time period expired on October 1, 2015. Since this action was not initiated until December 15, 2015, well after the expiration of the one year limitations period, it is clearly untimely.

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his claims diligently; and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In *Jones*, the court held that a finding of equitable tolling is proper only in "extraordinary" and "rare" circumstances. Equitable tolling may be appropriate "if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones*, 195 F.3d at 159.

"[M]iscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."

*Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). In *Johnson v. Hendricks*, 314 F. 3d 159, 163 (3d Cir. 2002), the United States Court of Appeals for the Third Circuit reiterated that attorney error was not a sufficient basis for equitable tolling. Likewise, it has been established that the principles of equitable tolling do not extend to claims of excusable neglect. I*rwin*, *Dept. Of Veterans' Affairs*, 498 U.S. 89, 96 (1990).

Based upon an application of the standards announced in *Pace*, *Jones*, and *Fahy*, there are no facts presented or apparent from the record which could establish that Stewart's failure to timely pursue her pending federal claims was caused by being misled by the Commonwealth, or that pursuit of those arguments was otherwise prevented in some extraordinary fashion. It is also noted that this is not a case where the Commonwealth allegedly failed to produce favorable evidence to a criminal defendant. Pursuant to the above discussion, a viable basis for a finding of equitable tolling has not been established.

Since Petitioner has not established entitlement to equitable tolling and her § 2254 petition was filed after the expiration of the § 2244(d) limitations period, this matter is time barred.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge